Case 1:11-cv-03281-CBA-CLP   Document 25   Filed 09/27/12   Page 1 of 5 PageID #: 706

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EVERETTE WEAVER

    Plaintiff,

 -against-

DAVID B. VAUGHAN, individually and in his
Official Capacity as Judge of the Supreme Court of the
State of New York, Kings County; and SYLVIA
HINDS-RADIX, individually and in her official capacity
as Judge of the Supreme Court of the
State of New York, Kings County,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-3281 (CBA) (CLP)

AMON, Chief United States District Judge:

On August 30, 2012, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") recommending that the Court (1) grant defendants' motion to dismiss each of plaintiff's claims, and (2) issue an order precluding plaintiff from filing further actions in the Eastern District of New York without prior permission from the Court. On September 13, 2012, the Court received a submission from pro se plaintiff Everette Weaver objecting to Magistrate Judge Pollak's R&R. Having reviewed de novo those parts of the R&R to which Weaver has objected, the Court now adopts the R&R as the Decision and Order of this Court. Accordingly, the defendants' motion to dismiss is granted in its entirety. The Court also grants defendants' motion for an injunction barring Weaver from filing additional actions in this District without first obtaining the Court's permission. This injunction is limited to lawsuits against any judicial officer or other individual or entity related in any way to (1) Weaver's alleged purchase of property at 489 Classon Avenue in Brooklyn, New York (the "Classon Avenue property"), or (2) the pending contract action in the Supreme Court of the State of New York, Kings County, Better Homes Depot, Inc. v. Gibbs et al., Index No. 25309/05 (the "state court contract action").

1

## DISCUSSION

### I. Background

The Court assumes familiarity with the facts and background of this case, as set forth in the R&R. (R&R at 2-7.) In short, Weaver brings this action against Justices David B. Vaughan and Sylvia Hinds-Radix of the Supreme Court of the State of New York pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First, Fifth, Seventh, Eighth, and Fourteenth Amendment rights in the course of presiding over the pending state court contract action to which plaintiff is a party. Weaver has already filed two actions in the Southern District of New York against Justice Hinds-Radix and two other Justices who had previously handled the contract dispute. Both of these actions were dismissed. Weaver has also unsuccessfully attempted to remove the contract action to this Court. In the instant action, Weaver seeks injunctive relief, asking this Court to stay proceedings in the state court contract action, rescind orders in that action issued since April 7, 2010, direct Justice Vaughan to recuse himself, and transfer the case to the Supreme Court of New York County. Plaintiff also seeks a declaration of the defendants' "lack of constitutionality" and an award of attorneys' fees and costs. Defendants moved to dismiss on grounds that injunctive relief is not available against state judges under § 1983 pursuant to the Federal Courts Improvement Act of 1996, for failure to state a claim, and under the doctrines of <u>Younger</u> abstention and <u>res judicata</u>.

### II. Magistrate Judge Pollak's Report and Recommendation

Magistrate Judge Pollak's R&R rejected plaintiff's claims and advised that this Court issue an injunction prohibiting Weaver from filing additional federal actions without prior court approval. The R&R first determined that Weaver's complaint failed to state a plausible claim that he was deprived of a constitutionally or federally protected right under 42 U.S.C. § 1983, finding that the complaint alleged only legal conclusions, disagreements with various unfavorable decisions in the contract action, and implausible claims of bias and discrimination. (R&R at 11-13.) Magistrate

Judge Pollack next agreed with defendants that Weaver's requests for injunctive relief with respect to the state court action should be denied under the Younger abstention doctrine, which requires federal courts to abstain from interfering with pending state court proceedings. (R&R at 13-14 (citing Younger v. Harris, 401 U.S. 37 (1971))). As a third ground for denying relief, the R&R found that the actions complained of by Weaver were taken by defendants in their judicial capacities, thereby entitling defendants to absolute judicial immunity from liability for those actions. (R&R at 15-17). The R&R also determined that Weaver could not obtain injunctive relief against the defendant judges pursuant to the Federal Courts Improvement Act. (R&R at 17). Finally, the Court found that all claims against Justice Hinds-Radix are barred by the doctrine of res judicata, as the Southern District of New York issued a final judgment on the merits dismissing Weaver's Section 1983 claims against Justice Hinds-Radix in the first action before that Court. (R&R at 17-19). Given that Weaver has now filed four federal actions related to his state court contract action, Magistrate Judge Pollak recommended that Weaver be prohibited from filing further actions before this Court without prior permission.

### III. Standard of Review

On a dispositive motion, the Court reviews de novo the portions of an R&R to which a party has objected and reviews those portions not objected to for clear error. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010); Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009). A District Court "may accept, reject, or modify, in whole or in part, the findings [or] recommendations made by the magistrate judge." Manigaulte, 659 F. Supp. 2d at 372 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)).

### IV. Weaver's Objections

Weaver objects to the R&R on grounds that it is "an attempt by the Magistrate to block the reporting of Criminal activities by plaintiff," that it violates 18 U.S.C. § 4 for "fail[ing] to report a

3

Crime to United States attorney for investigation and prosecution," and that it violates Weaver's rights under the First and Fifth Amendments. (Pl's Obj. at 2.) He offers "forty-three [] different reasons" in support of his objections, several of which again declare that the R&R is unlawful under various federal statutes and constitutional provisions. (Id. at 2, 7-8). The remaining objections largely consist of the same unsupported factual allegations and legal conclusions contained in his complaint and new allegations of a similarly conclusory nature. (Id. at 2-7)

Magistrate Judge Pollack's recommendation to dismiss Weaver's claims and enjoin Weaver from filing additional lawsuits without obtaining prior permission in no way prevents Weaver from reporting felonious activity and so does not implicate 18 U.S.C. § 4. Weaver's claim that the R&R violates his First Amendment right to petition the government is likewise unavailing, as this Circuit has held that a court may require a frequent litigant to obtain permission prior to filing additional lawsuits, see In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir. 1984), and other circuits have held that a narrowly-tailored filing injunction such as this does not run afoul of the First Amendment. See O'Diah v. Port Authority of New York and New Jersey, 2012 WL 113551, at *2 (E.D.N.Y. Jan. 11, 2012) (citing cases in the Tenth, Eleventh, and Sixth Circuits). Weaver has offered no support for his conclusory allegations that the R&R violates his rights to due process, equal protection of the law, or any other federal constitutional or statutory right. Finally, Weaver's bald claims that the R&R "seeks" to prevent him from reporting criminal activity, to "deny plaintiff of food, medicine and shelter," and to "protect defendants" have no basis in reality.

After reviewing Weaver's claims de novo, the Court agrees that none of his allegations state a plausible claim for relief, see Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), even applying the liberal construction required for *pro se* litigants asserting violations of their civil rights, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, for the same reasons

advanced in Judge Pollak's R&R, the doctrines of Younger abstention, absolute judicial immunity, and res judicata all apply to preclude relief. The Court therefore adopts the R&R in its entirety.

## CONCLUSION

The Court adopts the R&R as the opinion of the Court, except that the filing injunction is limited as set forth in this Order. The defendants' motion to dismiss is granted in full, and the Clerk of Court is directed to enter judgment and close this case. Plaintiff may not file additional lawsuits in the Eastern District of New York against any judicial officer or other individual or entity related in any way to plaintiff's alleged purchase of the Classon Avenue property or to the pending state court contract action without first obtaining permission by the Court.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2012

S/Chief Judge Amon

Carol Bagley Amon
Chief United States District Judge